Case 2:15-cr-00641   Document 41   Filed in TXSD on 11/30/15   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
November 30, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:15-CR-641 |
| | § | |
| ANTONIO ALDACO | § | |

## ORDER DENYING MOTION TO SUPPRESS EVIDENCE

Before the Court is Defendant Antonio Aldaco's (Aldaco) Motion to Suppress Evidence.  D.E. 33.  Aldaco is charged by indictment with possession of marihuana.  D.E. 6.  The marihuana was discovered, and a subsequent confession obtained, as a result of an immigration inspection of passengers on a commercial bus at a border patrol checkpoint in Falfurrias, Texas.  D.E. 1.  Aldaco argues that he was not on the commercial bus identified in the complaint, Tornado Bus #8642; rather, he was on an Americano bus.  For the following reasons, Aldaco's motion is **DENIED.**

### FACTS

On July 5, 2015, Aldaco and his companion, Sarah Martin (Martin), were traveling on a commercial bus that stopped at the Falfurrias, Texas border patrol checkpoint for a routine immigration inspection.  During the inspection, United States Border Patrol Agent Brandon Parsons (Parsons) noted that Martin appeared very nervous so he asked if he could look in their suitcase.  Aldaco consented and Parsons found three cellophane-wrapped bundles of marihuana in the suitcase.  Aldaco and Martin admitted in interviews with Parsons and Task Force Officer Todd Beach (Beach) that they obtained the

marihuana in Weslaco, Texas, and they were being paid to transport the marihuana to Dallas.

## DISCUSSION

Aldaco's motion to suppress rests entirely on his assertion that he was not on the bus identified in the criminal complaint, Tornado Bus #8642. At the suppression hearing, the Government presented testimony from Parsons and Beach, both of whom the Court found to be credible witnesses. Both witnesses testified to the accuracy of the events as stated in the criminal complaint. Further, they testified that they know the difference between a Tornado bus and an Americano bus, and they have no reason to believe that Aldaco was not on the Tornado bus identified in the complaint.

Aldaco failed to produce any support for his claim that he was not on the Tornado bus. He acknowledged that the commercial bus he was on was stopped at the Falfurrias immigration checkpoint and that Parsons discovered the marihuana in his suitcase.

The Court finds no basis to support the motion to suppress. Even if Aldaco was on an Americano bus, such error in the complaint would be a clerical error with no bearing on the validity of the complaint.

## CONCLUSION

Aldaco's Motion to Suppress Evidence (D.E. 33) is DENIED.

ORDERED this 30th day of November, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE